### Albert Tidwell v. The State.

No. 9671.    Delivered May 10, 1926.

1.—Perjury—Contradictory Statements—Statute Denouncing, Repealed.

In this case the appellant was convicted under the old statute denouncing as perjury the making of two statements under oath in a judicial proceeding, which statements were in conflict with each other. The omission of that part of our perjury statutes from the rivision of 1925 amounts to a repeal of said statute, and we now have no law making him guilty of

perjury who makes such contradictory statements, and the judgment herein must be reversed and the prosecution ordered dismissed. See White v. State, No. 9672, handed down April 21, 1926.

Appeal from the District Court of Hood County. Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction of perjury, penalty two years in the penitentiary.

The opinion states the case.

*Oxford & Johnson* of Stephenville, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Hood County of perjury, punishment fixed at two years in the penitentiary.

This case must be reversed in accordance with our opinion in White v. State, No. 9672, opinion handed down April 21, 1926. It is a case based upon that theory of perjury under our former statute which made him guilty who made two statements under oath in such manner and form as to make same part of and necessary to a legal proceeding—which two statements are in direct and irreconcilable conflict with each other.

It is not necessary to set out the facts at length. Condensing same they show, if anything, that appellant made upon two different occasions statements under oath in a judicial proceeding, which statements were in conflict with each other. Having concluded that the omission from the statutes of 1925 of that part of the former statutes by which the making of two contradictory statements under oath in a legal proceeding, was perjury—amounted to a repeal of said statute, and that we now have no law making him guilty of perjury who makes such contradictory statements, and it being evident that the case here depends upon the validity of said repealed statute, the judgment must be reversed and the prosecution ordered dismissed in accordance with the opinion in the White case, supra, and it is so ordered.

*Reversed and dismissed.*